IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NELSON RIVAS,**

    **Petitioner,**

    **v.**                                          CIVIL NO. 1:11CV141
                                                         (Judge Keeley)

**TERRY O'BRIEN,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the magistrate judge's Report and Recommendation ("R&R") concerning the 28 U.S.C. § 2241 petition filed by Nelson Rivas ("Rivas"). For the reasons that follow, the Court **ADOPTS** the R&R.

### I.

On September 6, 2011, the pro se petitioner, inmate Nelson Rivas ("Rivas"), filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241, that alleged three grounds for relief: (1) actual innocence; (2) defective indictment; and (3) falsified records together with a language barrier. (Dkt. No. 1). The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2.

1

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R") on October 6, 2011, in which he recommended that the petitioner's § 2241 petition be denied and dismissed without prejudice. (Dkt. No. 10). Pursuant to In re Jones, 226 F.3d 328 (4th Cir. 2000), the magistrate judge determined that Rivas is not entitled to file the instant § 2241 petition because he has not established that § 2255 is an inadequate or ineffective remedy for his claims.

On October 18, 2011, Rivas filed objections to the R&R. (Dkt. No. 12). Rivas contends that he can meet the three-prong test of In re Jones because, "[d]uring the year of 2002," when his first habeas was denied, "the Supreme Court had not gave birth to Schlup v. Delo, 513 U.S. 298 (1995); or Bousley v. United States, 523 U.S. 614 (1998), which prohibited [him] from presenting an 'actual innocence' claim." (Dkt. No. 12 at 2). After conducting a de novo review, the Court concludes that Rivas' objections are without merit.

**II.**

On September 28, 1991, following a jury trial in the Eastern District of Wisconsin, Rivas was convicted of conspiracy to posses with intent to distribute cocaine and possession of cocaine with intent to distribute, being a felon in possession of a firearm, and

carrying and using a firearm during a drug trafficking offense. He was sentenced to life in prison on the conspiracy counts, thirty years to run concurrently on the possession count, and five years to run concurrently on the firearm count. Rivas appealed his conviction on all four counts, arguing that the evidence was insufficient to support the jury's verdict. By opinion dated February 7, 1994, the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit") affirmed his convictions. United States v. Rivas, 16 F.3d 1226 (7th Cir. 1994).

On July 23, 2001, Rivas filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255, which the Eastern District of Wisconsin denied on November 26, 2001. Rivas appealed that decision, and the Seventh Circuit reversed and remanded to the district court for reconsideration in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). On August 5, 2002, the Eastern District of Wisconsin again denied Rivas' § 2255 petition as time-barred.[1]

**III.**

---

[1] This procedural recitation differs slightly from that of the magistrate judge. The Court confirmed these dates with a docketing clerk for the Eastern District of Wisconsin, who graciously pulled the microfiche for Rivas' criminal docket.

Where, as here, a petitioner seeks to attack the imposition of his sentence, rather than its execution, he may only seek a writ of habeas corpus pursuant to § 2241 by demonstrating that § 2225 is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e) (the "savings clause"); see also In re Jones, 226 F.3d at 332. Section 2255 is inadequate or ineffective where:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Contrary to Rivas's arguments, he has not established that, "subsequent to [his] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which [he] was convicted is deemed not to be criminal," as required by the second prong of this test. Id.

Fundamentally, the cases Rivas cites in support of his petition - Schlup v. Delo, 513 U.S. 298 (1995) and Bousley v. United States, 523 U.S. 614 (1998) - were decided before he filed his first § 2255 motion. Moreover, in light of Rivas' conviction under 18 U.S.C. § 924(c), the Court considered whether he could

attack his conviction under Bailey v. United States, 516 U.S. 137 (1995). Again, however, Bailey was decided well before Rivas filed his first habeas petition. See Rice v. Rivera, 617 F.3d 802 (4th Cir. 2010) (district court had no jurisdiction over § 2241 petition challenging § 924(c) conviction where petitioner had filed his first § 2255 subsequent to Bailey). Consequently, the magistrate judge correctly concluded that Rivas cannot now establish that § 2255 is ineffective or inadequate to test the legality of his convictions, and the Court lacks jurisdiction over his claims.

### IV.

For the reasons discussed, the Court:

1. **ADOPTS** the Report and Recommendation (dkt. no. 10);
2. **DENIES** Rivas's § 2241 petition (dkt. no. 1); and
3. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket of this Court.

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: August 12, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE